# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CYNTHIA GREEN-GETER, <br><br> *Plaintiff,* <br><br> v. <br><br> WAL-MART STORES EAST, LP, *et al.*, <br><br> *Defendants.* | CASE NO. 3:19-cv-00079 <br><br> MEMORANDUM OPINION <br> & ORDER <br><br> JUDGE NORMAN K. MOON |

In this premises liability action, the plaintiff Cynthia Green-Geter ("Plaintiff") sues for injuries she sustained when she slipped and fell at a Wal-Mart store at Zion Crossroads in Louisa County, Virginia. Defendant Walmart Stores East, L.P. ("Wal-Mart") has moved for summary judgment. Dkt. 32.[1] Wal-Mart argues that it is entitled to summary judgment on the basis that it did not have notice of a dangerous condition, and on the basis that Plaintiff was contributorily negligent as a matter of law. However, because the Court concludes that Plaintiff has raised genuine issues of material fact that must be resolved by a jury at trial, the Court will deny Wal-Mart's motion for summary judgment.

## Background

The following facts are taken from the summary judgment record and are uncontested or viewed in the light most favorable to Plaintiff, as non-movant. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).

---

[1] Plaintiff's belated response entitled Plaintiff's "Motion in Opposition to Defendant's Motion for Summary Judgment," Dkt. 34, will be considered and construed as a memorandum in opposition to Wal-Mart's motion for summary judgment, but not as a separate, cross-motion for summary judgment.

On November 14, 2017, Plaintiff was shopping in the Wal-Mart store in Louisa County, Virginia, at Zion Crossroads. Dkt. 33-3 (customer incident report, reflecting date). On that day, Plaintiff was shopping with her daughter, Sabrinya Nalova-Green, and Plaintiff's grandson, Christian Green-Delgado. Dkt. 33-5 at 3–4; Dkt. 33-6 at 3–4. The record contains evidence that while Plaintiff and her family at the Wal-Mart store, Plaintiff slipped on a piece of clear plastic that was on the floor and she fell, while she was in an aisle shopping for paper towels. Dkt. 33-5 at 5 (testimony of Plaintiff's daughter); Dkt. 33-6 at 3, 5–6 (testimony of Plaintiff's grandson); *see also* Dkt. 33-2 (Plaintiff, testifying she "slipped on something slick"). Plaintiff's grandson also testified that the clear plastic on which Plaintiff slipped appeared to be "Saran wrap" or "shrink wrap" that, from his experience working at another Wal-Mart, would have been used to "wrap the pallets in." Dkt. 33-6 at 6.

Store security video shows approximately an hour and a half of footage of the aisle in which Plaintiff fell before she did so, as well as surrounding aisles. *See* Ex. Marked "Video 3" at timestamp 5:30 to 6:54 p.m.[2] It also shows about thirty minutes after the fall. The video shows the aisle at a distance and at an angle. Plaintiff and her family are readily identifiable, and the video captures Plaintiff's fall. *See id.* at 6:56 p.m. However, the video shows these events at a distance and the video does not show the precise spot on the ground where Plaintiff slipped.

The store security camera footage shows one or more Wal-Mart employees working in the very area where Plaintiff fell, in the preceding 40 minutes. The footage shows one or more Wal-Mart employees restocking the shelves of paper towels, for a substantial portion of that period of time before Plaintiff walked down the aisle of paper towels. *See id.* at 6:05 to 6:40 p.m. In discovery, Wal-Mart identified one specific employee stocking the aisle prior to the incident.

---

[2] The file's full name is "[Video-3]_RM2017112000218_Clip00007_100000_1.mp4."

*See* Dkt. 34-1 at 13. A Wal-Mart employee brought a pallet over to the approximate location where Plaintiff would later fall, for restocking of the paper towel aisle. Video 3 at 6:03-04. That pallet was about fifty minutes before Plaintiff's fall, and it appeared to remain there during much of the restocking. Moreover, the video showed another Wal-Mart employee kicking some product or boxes along the ground in the same space at about that same time. *Id.* at 6:04-06. And further still, on several occasions during this restocking, a Wal-Mart employee can be seen either throwing or placing items on the floor, which would appear to include at least cardboard. *See, e.g.*, *id.* at 6:20-26, including specifically 6:18:50, 6:26:11, 6:40:30 p.m. The pallet was ultimately moved about fifteen minutes before Plaintiff's fall. *Id.* at 6:40.

Plaintiff testified that she fell while she was bending over to pick up paper towels. Dkt. 33-2 at 4. The video also shows Plaintiff's fall into shelves of paper towels. Plaintiff testified that she suffered injuries from the fall. *See, e.g.*, Dkt. 33-2 at 5–6. After Plaintiff's fall, the family helped Plaintiff get up, and they went over to fill out a "Customer Incident Report." Dkt. 33-3 at 1.

## Standard of Review

The party seeking summary judgment "bears the initial burden of demonstrating that there is no genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "A fact is material if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." <u>Sedar v. Reston Town Ctr. Prop., LLC</u>, 988 F.3d 756, 761 (4th Cir. 2021) (citation omitted). "Once the movant has made this threshold demonstration, the nonmoving party, to survive the motion for summary judgment, must demonstrate specific, material facts that give rise to a genuine issue." <u>Id.</u> (citing <u>Celotex</u>

Corp., 477 U.S. at 323). The court must "view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." Id. (quoting Variety Stores, Inc. v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018)). Viewing the evidence in that light favorable to the nonmovant, "[t]he court may grant summary judgment only if it concludes that the evidence could not permit a reasonable jury to return a favorable verdict." Id.

### Reasoning

Virginia substantive law governs this diversity action. *See Erie R.R. v. Tompkins*, 304 U.S. 65, 78 (1938). In Virginia the law applicable to slip-and-fall cases is well settled: a store owner, like Walmart, "must use ordinary care to keep his premises reasonably safe for an invitee, although he is not an insurer of the invitee's safety." *Tate v. Rice*, 315 S.E.2d 385, 388 (Va. 1984). This duty has been summarized as follows:

> The store owner owed the customer the duty to exercise ordinary care toward her as its invitee upon its premises. In carrying out this duty it was required to have the premises in a reasonably safe condition for her visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons placed there; to warn the customer of the unsafe condition if it was unknown to her, but was, or should have been, known to the owner.

*Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (Va. 1990) (citation and alterations omitted). "In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima facie* case of negligence." *Grim v. Rahe, Inc.*, 434 S.E.2d 888, 889 (Va. 1993).

"Where the premises owner's own affirmative conduct causes the unsafe condition, notice of the condition is imputed to the owner provided the danger is reasonably foreseeable." *Logan v. Boddie-Noell Enters., Inc.*, No. 4:11-cv-8, 2012 WL 135284, at *5 (W.D. Va. Jan. 18,

2012) (Kiser, J.) (citing *Harrison v. The Kroger Co.*, 737 F. Supp. 2d 554, 557 (W.D. Va. 2010) (Urbanski, J.)). "In the absence of evidence showing some affirmative conduct of the defendant caused the dangerous condition, the plaintiff must show that the defendant had actual or constructive knowledge of the condition." *Cook v. Wal-Mart Stores, East, L.P.*, No. 1:19-cv-31, 2020 WL 7481781, at *4 (W.D. Va. Dec. 18, 2020) (Jones, J.) (citing *Ashby v. Faison & Assocs., Inc.*, 440 S.E.2d 603, 605 (Va. 1994)). Constructive knowledge of a defect or dangerous condition on the premises "may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Grim*, 434 S.E.2d at 890. To establish liability, a plaintiff must show that the defendant had notice of "the *specific* unsafe condition" that injured her. *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 453 (4th Cir. 2004)).

Upon consideration of the parties' briefs, argument and evidence in the summary judgment record, the Court concludes that Plaintiff has produced sufficient evidence to give rise to genuine issues of material fact to be decided by a jury. The record contains evidence that Plaintiff slipped on a piece of clear plastic on the floor of the paper towel aisle, and there is evidence that such plastic was used for wrapping pallets of products or paper towels at Wal-Mart. Evidence shows that one or more Wal-Mart employees were re-stocking shelves in the paper towel aisle for a substantial period of time prior to Plaintiff's fall.

Reasonable jurors could conclude that, in the course of re-stocking, a Wal-Mart employee placed or threw items from packaging, including clear plastic, on the floor. Specifically, from the video footage, reasonable jurors could conclude that the Wal-Mart employee threw or placed on the floor wrapping or packaging from items to be re-stocked, including the clear plastic on which Plaintiff slipped. Accordingly, it would also be reasonable for a jury to find that Wal-Mart had

actual notice of the hazard, on account of such actions caused the hazard. It would further be reasonable for a jury to find that Wal-Mart, having actual notice of the hazard—*i.e.*, clear slippery plastic on the floor—failed to either timely remove the dangerous condition or hazard or warn Plaintiff in a timely manner so that she could avoid it, and that the danger of having clear plastic wrapping on the floor of a shopping aisle was reasonably foreseeable.

The Court further concludes that resolution of Wal-Mart's contributory negligence defense is a matter that must be resolved by the jury. Indeed, "[a]s a general rule, contributory negligence is a jury issue." *Va. Elec. & Power Co. v. Winesett*, 303 S.E.2d 868, 872 (Va. 1983) (citation omitted). Wal-Mart has argued that "Plaintiff's testimony establishes as a matter of law that she was negligent and such negligence was the proximate cause of the accident." Dkt. 33 at 9. Wal-Mart contends that Plaintiff's testimony was that she was looking at the paper towels at the time she fell, and therefore, she failed to see the plastic on the ground which Wal-Mart characterizes as an "open and obvious hazard[]." *Id.*

But a reasonable jury could conclude from the evidence, including the testimony of Plaintiff's daughter and grandson, that the clear plastic was not open and obvious. To be sure, both saw the plastic, but it was clear on a gray floor. Dkt. 33-5 at 5 (Plaintiff's daughter); Dkt. 33-6 at 5–6 (Plaintiff's grandson). And, far from testifying that the clear plastic on the ground was open and obvious, Plaintiff's daughter testified: "I saw it *as [Plaintiff] stepped on it*. It was so fast. It was like, step, slip, backwards." Dkt. 33-5 at 5 (emphasis added). Whether the clear plastic posed an open and obvious hazard is not susceptible to resolution on summary judgment, and it and Wal-Mart's contributory negligence defense are issues for the trier of fact.

For these reasons, Wal-Mart's motion for summary judgment will be and hereby is **DENIED**. Dkt. 32. The parties are further **DIRECTED** to contact the Clerk's Office to set this case for trial.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

Entered this  30th  day of September, 2021.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE